Case 4:22-cv-01457 Document 1-5 Filed on 05/06/22 in TXSD Page 1 of 6

3/28/2022 2:08 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 63014894
By: Carolina Salgado
Filed: 3/28/2022 2:08 PM

CAUSE NO. _____

| | | |
|---|---|---|
| LAURA RODRIGUEZ<br>*Plaintiff,* | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| vs. | §<br>§ | HARRIS COUNTY, TEXAS |
| UNITED STATES POSTAL SERVICE<br>*Defendant.* | §<br>§ | ____ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Plaintiff, LAURA RODRIGUEZ, complaining of Defendant, UNITED STATES POSTAL SERVICE, and for cause of action would respectfully show the following:

**LEVEL**

1.  Discovery is intended to be conducted under Level 2 of Texas Rules of Civil Procedure 190. Plaintiff affirmatively pleads she seeks monetary relief under $75,000.00.

**PARTIES**

2.  Plaintiff, LAURA RODRIGUEZ ("RODRIGUEZ"), is an individual and a resident of Houston, Harris County, Texas. Plaintiff's social security number is XXX-XX-X809 and Texas driver's license number is XXXXX843.

3.  Defendant, UNITED STATES POSTAL SERVICE ("USPS"), is a government entity doing business in the State of Texas. Defendant may be served with process by serving the Civil Process Clerk at the United States Attorney's Office, 1000 Louisiana Street, Suite 2300, Houston, Texas 77002. Citation is requested at this time.

**VENUE**

4.  Venue is proper in Harris County, Texas, as this is the county in which all or a substantial part of the events or omissions giving rise to Plaintiff's claim occurred. TEX. CIV. PRAC. & REM. CODE §15.002 (a)(1) and TEX. INS. CODE §1952.110(1).

DEFENDANT'S EXHIBIT 3

For Official Governmental Use Only - Do Not Disseminate to the Public: 101109249 - Page 1 of 5

## FACTS

5. On or about July 2, 2020, Plaintiff was lawfully traveling southbound on the 1000 block of Grand Parkway in Harris County, Houston when suddenly and without warning, Calvin Jerome Grant, Jr. disregarded the turn marks, turned improperly and struck Plaintiff's vehicle.

6. At the time of the collision, Calvin Jerome Grant, Jr. was in the course and scope of his duties as an employee for Defendant USPS.

7. As a result of the aforementioned collision caused by the negligence of Defendant, Plaintiff sustained injuries and damages, as will be more fully described hereinafter.

## NEGLIGENCE

8. Defendant USPS' negligence was a proximate cause of Plaintiff's injuries and damages. At all times relevant to this case, Calvin Jerome Grant, Jr. was acting within the scope of his office or employment and in his capacity as an agent, apparent agent, servant and/or employee with Defendant USPS. Moreover, Calvin Jerome Grant, Jr. was acting within the course and scope of his authority as such agent, apparent agent, servant and/or employee of the Defendant USPS. Thus, Defendant USPS is liable for the negligent conduct of its employee under the legal doctrine of respondeat superior.

9. On the occasion in question, Calvin Jerome Grant, Jr. had permission from his employer, Defendant USPS to drive their vehicle and owed a duty to use reasonable ordinary care in the operation of the vehicle he was driving. Calvin Jerome Grant, Jr. operated his vehicle in a negligent manner, in violation of his duty to Plaintiff, by failing to exercise ordinary care in the operation of the vehicle in one or more of the following:

    A. In driving his vehicle at an excessive rate of speed immediately prior to the collision;

    B. In operating said vehicle in a careless and reckless manner;

    C. In failing to keep a proper lookout;

For Official Governmental Use Only - Do Not Disseminate to the Public: 101109249 - Page 2 of 5

For Official Governmental Use Only - Do Not Disseminate to the Public: 101109249 - Page 3 of 5

D. In failing to keep said vehicle under reasonable and proper control;

E. In failing to pay full time and attention;

F. In failing to change lanes when unsafe;

G. In failing to maintain an assured and clear distance between two vehicles so that, considering the speed of the vehicles, traffic and the conditions of the highway, he could safely stop without colliding with the preceding vehicle;

H. In failing to reduce the speed of said vehicle immediately prior to the aforesaid collision to a rate of speed that would be reasonable and prudent under the same or similar circumstances; and

I. In failing to obey the statutes of the State of Texas as they pertain to the operation of a motor vehicle; specifically Texas Transportation Code §§545.053, 545.054, 545.351, 545.061, 545.062, 545.103, 545.104 and 545.401.

10. Each and all of the above acts and/or omissions were negligence and each and all were a proximate cause of the injuries and damages suffered by Plaintiff herein.

## **DAMAGES – RODRIGUEZ**

11. As a result of the occurrence in question, Plaintiff sustained serious personal injuries, mental anguish, and physical pain and suffering, medical expenses in the past, and impairment and disability in the past.

12. Plaintiff will also likely suffer legally recoverable damages in the future.

13. Plaintiff will respectfully request the Court and Jury to determine the amount of loss Plaintiff has incurred and will incur in the future not only from a financial standpoint but also in terms of good health and freedom from pain and worry.

14. There are certain elements of damages provided by law that Plaintiff is entitled to have the Jury in this case consider separately to determine the sum of money for each element that will fairly and reasonably compensate Plaintiff for the injuries, damages and losses incurred from the date of the accident in question until the time of trial of this case, those elements of damages are as follows:

A. The physical pain Plaintiff has suffered from the date of the occurrence in question up to the time of trial and in the future;

B.  The mental anguish Plaintiff has suffered from the date of the occurrence in question up to the time of trial and in the future;

C.  The amount of reasonable medical expenses necessarily incurred in the treatment of Plaintiff's injuries from the date of the accident in question up to the time of trial and in the future;

D.  The physical impairment which Plaintiff has suffered from the date of the occurrence in question up to the time of trial and in the future; and

E.  The loss and/or reduction of earnings and/or earning capacity sustained by the Plaintiff from the date of the occurrence in question up to the time of trial and in the future.

15. Plaintiff seeks all legally recoverable damages, including pre-judgment and post-judgment interest.

16. Plaintiff's damages at this time are in excess of the minimal jurisdictional limits of this Court.

### NOTICE THAT DOCUMENTS WILL BE USED

17. Pursuant to Rule 193.7, Plaintiff hereby gives notice that all documents produced by Defendant in response to discovery may be used at any pre-trial proceeding or at the trial of this case.

### DESIGNATED E-SERVICE EMAIL ADDRESS

18. The following is the undersigned attorney's designated e-Service email address for all e-served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a: eserve@hlalawfirm.com. This is the undersigned's only e-Service email address, and service through any other email address will be considered invalid.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays Defendant be cited in terms of law to appear and answer herein; that upon final trial hereof, Plaintiff has judgment against Defendant for all damages, punitive damages, legally recoverable pre-judgment and post-judgment interest, all costs of court, and any other further relief to which Plaintiff may show

herself justly entitled.

        Respectfully submitted,

        **HUSAIN LAW + ASSOCIATES, P.C.**

        **By**: */s/ Colin W. Jacobson*
        **COLIN W. JACOBSON**
        State Bar No. 24116562
        5858 Westheimer, Ste. 400
        Houston, TX  77057
        Telephone: (713) 800-1200
        Facsimile:  (713) 800-0786
        E-Service: eserve@hlalawfirm.com

        **COUNSEL FOR PLAINTIFF**

For Official Governmental Use Only - Do Not Disseminate to the Public: 101109249 - Page 5 of 5



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   April 29, 2022

Certified Document Number:        101109249 Total Pages:  5

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**